Johnson, J.
It is contended by plaintiffs in error that the probate court had no jurisdiction of the subject-matter. As to this it is shown in the statement that when the application was filed originally in the probate court the defendant administrator filed a demurrer thereto on the ground that the court had no jurisdiction to entertain the proceeding. This demurrer was sustained in the probate court. On error in the common pleas court this judgment was reversed, and the judgment of the court of common pleas was affirmed by the court of appeals. This court overruled a motion to require the court of appeals to certifiy its record here for final determination. Therefore, the decision of the court of appeals was conclusive as to that question.
The parties agree that the right of appeal is determined by Section 11206, General Code, the pertinent portion of which is as follows: “Appeal may be taken to the common pleas court, by a person against whom it is made, or whom it affects, from *198 any order, decision, or judgment of the probate court in settling the accounts of an executor, administrator, guardian, and trustee, or of assignees, trustees, or commissioners of insolvents.”
The plaintiffs in error contend that the words “in settling the accounts of an executor,” etc., mean the settlement of the accounts between the executor and the estate, and that the words “by a person against whom it is made, or whom it affects,” include only those who have the legal right to file exceptions to the account of an administrator or executor, etc. They urge that the question whether the defendants in error were entitled to anything had to be determined, and so long as it remained undetermined, credit for the payment thereof could not have been taken by the executor or .administrator and could not have been included as an item of any account, and therefore had no relation to the settling of an account or of an item thereof.
Plenary jurisdiction has been conferred upon the probate court in the settlement of estates. Section 8 of Article IV of the Constitution provides: “The probate'court shall have jurisdiction in probate and testamentary matters, the appointment of administrators and guardians, the settlement of the accounts of executors, administrators, and guardians,” etc. Section 10492, General Code, provides that the probate court shall have jurisdiction to grant and revoke letters testamentary and of administration and to direct and control the conduct and settle the accounts of executors and administrators and order the distribution of estates.
*199 In McMahon, Admr., v. Ambach & Co. et al., 79 Ohio St., 103, it was held:
“1. The statutes of the state bearing upon the settlement in the probate court of the estates of de.ceased persons, taken together, show that the allowance to an administrator for extraordinary services in the settlement of the estate is part of the statement of his account, and is to be considered by the court accordingly.
“2. Whether, the allowance is in fact made at the time of or prior to the filing of a settlement account, such allowance cannot take effect as prejudicing the rights of others interested in the settlement of' the estate who have not had notice until the court, after legal notice, acts upon the settlement account itself.”
In that case an allowance for extraordinary services had been made to the administrator without notice to the parties in interest. The order was purely ex parte, and this court held that when the item was included in the final account it was then subject to exceptions by parties in interest. In the opinion it is stated by Spear, J., at page 114:
“It is not doubted that the probate court has power, in the proper way and at the proper time, to make allowances for extraordinary services by an administrator, nor that, speaking in the general sense, the proceedings in the settlement of estates by the probate court are not inter paries, or adversary in character, but are proceedings in rem. This because the estate itself, the res, is committed to that court, and on that court is devolved the duty of determining its status and disposing of its corpus. *200 But it does not follow that every matter connected with the settlement of an estate is strictly in rem, and therefore binding on everybody without notice, for we find provision for notice in many matters which in their nature may be considered in rem.” And, on page 119, it is said: “In legal effect the item in dispute in the present case is part of the settlement account, is subjected to the same right of review, and must stand or fall on review the same as any other item excepted to.”
In the case at bar the application was made to the probate court, upon which is “devolved the duty of determining the status and disposing of the corpus” of the estate.
All parties in interest were notified and appeared in court, and by proper pleadings set up their claims with reference to the matter in dispute. As was the view of the court in the McMahon case, supra, “in legal effect” the item in dispute became an item to be included in the settlement account. In the syllabus of that case it is held: “Whether the allowance is in fact made at the time of or prior to the filing of a settlement account, such allowance cannot take effect as prejudicing the rights of others interested in the settlement of the estate who have not had notice until the court, after legal notice, acts upon the settlement account itself.”
It may be said that the allowance of extra compensation to an administrator and the allowance of fees to be paid to attorneys for services rendered in settlement of the estate are matters to be determined by the probate court, and until so determined they do not constitute valid claims against the estate.
*201 In Thomas, Admx., v. Moore, 52 Ohio St., 201, it is held: “Executors and administrators are personally liable for the services of attorneys employed by them, but their contracts therefor do not bind the estate, although the services are rendered for the benefit of the estate, and are such as the executor or administrator may properly pay for, and receive credit for the expenditure in the settlement of his accounts.”
In discussing the right and duty of administrators and executors to employ counsel to advise and assist them in the performance of their official duties, after stating that it cannot be determined that the services or their value constitute a part of the fund in the hands of the representative, however important or valuable those services may have been in collecting the assets, or in resisting unjust claims against them, it is said, at page 206: “The law contemplates that the representative will himself pay the value of such services, and be reimbursed, by receiving credit for the amount paid, in the settlement of his accounts. Such items constitute a part of the .expenses of administration, which, together with the funeral expenses, take precedence, under our statute, of all other demands.”
In the present case there devolved on the probate court the duty of determining matters affecting the status of the estate of Emma R. Slusser, deceased, and of legally distributing it. As shown, the attorneys were not entitled to bring suit at law, against the administrator as such, to recover for their services. An administrator is the instrumentality selected- and appointed by the probate *202 court for the' settlement of the estate in accordance with the law and under the orders of the court. And counsel who have rendered necessary professional services in connection with an estate in the control of the court, whether in connection with its settlement or in defense of a suit to contest a will, should have the right to invoke the order of the court to determine all questions touching the service, after due and legal notice to all parties in interest. Otherwise an administrator by refusing to include in his settlement account an item for the payment of counsel could arbitrarily deprive them of opportunity to have their claim considered.
Section 10214, General Code, provides that the provisions of part third and all proceedings under it shall be liberally construed, in order to promote its object, and assist the parties in obtaining justice. “The rule of the common law, that statutes in derogation thereof must be strictly construed has no application to such part.”
Section 11206, General Code, is a remedial statute and is one of the sections included in part third of the General Code.
We think it clear that the matter presented to the probate court by the defendants in error in this case was such a one as to constitute a proper item in the settlement account of the administrator. The order made by the probate court touching the item affected the defendants in error, within the meaning of Section 11206. And all parties in interest being before the court at the time the order was made the defendants in error were, under the provisions of that section, entitled to an appeal.
*203 For these reasons the judgment below will be affirmed.

Judgment affirmed.

Nichols, C. J., Wanamaker, Newman, Jones, Matthias and Donahue, JJ., concur.